UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **Hon. Hugh B. Scott**

10CR112A

RALPH AQUINO, et al.,  **Order**

Defendants.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. 636 (b)(1)(A) and, pursuant to 28 U.S.C. 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. 636(b)(1)(A) (Docket No. 10).

Before this Court are the remaining[1] defendants' omnibus discovery motions (Docket Nos. 53 (Flanders), 47 (Kohler), 35 (Lopez), 33 (Morgan)). Kohler (Docket No. 47, Kohler Atty. Aff. ¶¶ 101-02) and Lopez (Docket No. 35, Lopez Atty. Affirm. ¶ 67) also moved to join in co-defendants' motions. The Government responded apparently to the discovery relief sought in Kohler's motion (Docket No. 54[2]) and not the other remaining movants' motions. Oral argument

---

[1] Some defendants, including those who filed discovery omnibus motions, Docket Nos. 46 (Aquino), 49 (Frigioni), 51 (Ralabate), or joined in motions filed by co-defendants, Docket No. 50 (Frigioni), have entered guilty pleas, see Docket Nos. 55 (Aquino plea agreement), 77 (Aquino judgment of conviction), 58 (Frigioni plea agreement), 79 (Frigioni judgment of conviction), 66 (Ralabate plea agreement). Ralabate is scheduled to be sentenced on December 8, 2011.

[2] The caption for this response only listed defendants Kohler, Aquino, Ralabate, and Frigioni.

of these motions was adjourned several times based upon representations that plea discussions between the parties were underway (text minute entries Mar. 8, 2011; Apr. 5, 2011; June 23, 2011; July 25, 2011), but only a few of the defendants entered guilty pleas (see note 1, supra). These motions initially were considered submitted on July 25, 2011 (text minute entry, July 25, 2011). Further briefing was required for some of the defense motions (those of Flanders, Lopez, and Morgan) by the Government and the motion was deemed submitted upon the Government's response on October 3, 2011 (Docket No. 80). The Government, however, failed to respond to these motions even when this additional time was granted.

**BACKGROUND**

Defendants are charged in a single count Indictment with conspiracy to distribute marijuana, cocaine, and MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846.

*Pending Motions*

Flanders submitted as a motion his discovery demands upon the Government (Docket No. 53). The motion was terminated as such by the Court Clerk.

Morgan moved for production of tape recordings, wiretaps, and co-defendant communications (Docket No. 33, Morgan Atty. Affirm. ¶ 6).

Lopez and Kohler each filed extensive omnibus motions (Docket Nos. 35, 47). Lopez moves for a Bill of Particulars, discovery, production of Brady/Giglio material, production of Jencks Act material and the timing of that production, and identification of informants, as well as joining in co-defendants' motions (Docket No. 35, Lopez Notice of Motion). Kohler moves to exclude statements of non-testifying co-conspirators, for service of a Bill of Particulars, discovery, production of Brady/Giglio material, production of Jencks Act material, disclosure of

Federal Rules of Evidence 404(b), 608 and 609 materials, preservation of rough notes, disclosure of Grand Jury minutes, suppression of electronic surveillance evidence, as well as relief best considered by the trial court with plenary jurisdiction (such as how to conduct voir dire of Government experts, audibility hearing, and severance of defendants) (Docket No. 47, Kohler Motion).

The Government responded only to the motion of remaining defendant Kohler (Docket No. 54). With the overlap of relief sought by the remaining moving defendants and absent argument to the contrary, this Court can consider the responses given by the Government to Kohler's motion as being applicable to other defendants moving for similar relief.

## DISCUSSION

I.  Kohler's Motions

Kohler moves to suppress evidence from electronic surveillance and moves to exclude statements of non-testifying co-conspirators (Docket No. 47, Kohler Atty. Aff. ¶¶ 95-100, 8-11), while seeking notice of evidence seized that he may move to suppress (id. ¶¶ 5-7). The Government did not address the suppression motions (cf. Docket No. 54). Had the Government responded to the suppression motions, these would be considered in a separate Report & Recommendation. But, absent such a response, this Court cannot determine whether even to go forward with an evidentiary hearing. Therefore, the Government shall respond to Kohler's suppression motions within **thirty (30) days of entry of this Order**.

Kohler also moves for voir dire of Government experts, exclusion of non-testifying co-conspirator statements, audibility hearing, and motions for severance (id. ¶¶ 103-08, 8-11, 109-

10, 111-14) that are best dealt with by Judge Arcara, the judge with plenary jurisdiction over this case and thus are **deferred for the District Judge's consideration**.

II.     Discovery

The Government notes at the outset that voluntary discovery has been ongoing (Docket No. 54, Gov't Response at 1). Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

    A.     Defendants' Own Statements

Pursuant to Rule 16(a)(1)(A) and (B), defendants seek any written or oral statements made by the defendants which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government.

Rule 16(a)(1)(A) and (B) provide that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a government agent; and recorded testimony of the defendant before the Grand Jury which relates to the offense charged.[3] Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation, Clewis v. Texas, 386 U.S. 707 (1967).

---

[3]Rule 16(a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendants, but will not produce statements of uncharged co-conspirators since that request goes beyond the scope of Rule 16(a)(1) (Docket No. 54, Gov't Response at 2). To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) and (B), the Government is hereby **directed to produce** all such statements made by the defendants.

B.  Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(E), defendants also seek production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the government. Defendants identify several specific categories of items which they seek to be produced.

The Government's response to these specific requests is that the search warrant return, photographs, and reports have been produced in voluntary discovery (Docket No. 54, Gov't Response at 1, 6).

C.  Examinations and Test Reports

Pursuant to Rule 16(a)(1)(F), defendants next have requested the production of the results of any physical or mental examinations or scientific tests. The Government has responded that these reports were (and continue to be) produced in voluntary discovery (Docket No. 54, Gov't Response at 6).

The Court assumes that the Government's production has satisfied the defendants' requests in this regard.

D.  Rule 12(b)(4) Request

Pursuant to Rule 12(b)(4), defendants request that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. The Government responds that it intends to use all evidence disclosed to defendants (Docket No. 54, Gov't Response at 7). This request is deemed **moot**.

III.  Brady Materials

Defendants next have requested that the Government disclose all materials potentially favorable to them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

Defense motions identify numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which he seeks to obtain. The Government's response is that it agrees to provide impeachment Brady material (Docket No. 54, Gov't Response at 10).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second

6

Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided," United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for each defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

IV.   Federal Rules of Evidence 404(b), 608, 609

Kohler requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). He also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a). (Docket No. 47, Kohler Atty. Aff. ¶¶ 82-86.)

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it is still obtaining such information (as of March 2011 when it filed its Response) and will produce it as ordered by the trial court (Docket No. 54, Gov't Response at 12). This **is sufficient** in this case.

V.   Preservation of Rough Notes

Kohler has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 47, Kohler Atty. Aff. ¶¶ 90-92). The Government has agreed to preserve all items of evidence (Docket No. 54, Gov't Response at 12). This **suffices**.

VI.   Bills of Particulars

Defendants next move for Bills of Particulars (Docket No. 35, Lopez Atty. Affirm. ¶¶ 4-5; Docket No. 47, Kohler Atty. Aff. ¶¶ 12-19) and the Government objects to such particularization given the allegations in the Indictment and discovery furnished to date] (Docket No. 54, Gov't Response at 2-5).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Technically, a Bill of Particulars is an amplification of the pleadings and not discovery.

Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990); see United States v. Persico, 621 F. Supp. 842, 868 (S.D.N.Y. 1985) (citing Won Tai v. United States, 273 U.S. 77, 82 (1927)). The Government is not obligated to "preview its case or expose its legal theory," United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the Indictment, the Court finds that defendants **are not entitled** to a Bill of Particulars inasmuch as they are sufficiently advised of the charges against them to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect each of them from double jeopardy.

VII.   Expert Witness Disclosure

Pursuant to Rule 16(a)(1)(G), Flanders seeks a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report (Docket No. 53, Flanders Motion at unnumbered pages 5-6). The Government did not respond to this motion. The timing of this expert disclosure **shall be set forth by the District Judge**.

VIII.  Jencks Act

Defendants seek disclosure of material subject to the Jencks Act within a reasonable time prior to the date of that witness's testimony (Docket No. 53, Flanders Motion at unnumbered page 9), early disclosure (Docket No. 35, Lopez Atty. Affirm. ¶¶ 59-63), or seeking witness statements immediately or no later than four weeks before trial (Docket No. 47, Kohler Atty. Aff. ¶ 88; cf. id. ¶ 58 (seeking disclosure at least 30 days before trial)), 18 U.S.C. § 3500. The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to disclose this information as directed by the District Judge (Docket No. 54, Gov't Response at 12). Therefore, Jencks Act disclosure **should occur pursuant to the pretrial**

9

**Order schedule**; defendants **have not established** that prior disclosure of Jencks material is essential to the preparation of a defense in this case.

IX.     Disclosure of Grand Jury Minutes

Defendants next seek disclosure of Grand Jury transcripts (Docket No. 47, Kohler Atty. Aff. ¶¶ 93-94; Docket No. 53, Flanders Motion at unnumbered page 9). The Government argues that defendants have not shown particularized need for production of the Grand Jury minutes (Docket No. 54, Gov't Response at 13).

Under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), this Court may authorize the disclosure of a Grand Jury matter at the request of the defense who shows that a ground may exist to dismiss the Indictment because of a matter that occurred before the Grand Jury. The Court may authorize this disclosure "at a time, in a manner, and subject to any other conditions that it directs," id. Defendants had to show that they have a particularized need for disclosure that outweighs the Government's interest in maintaining Grand Jury secrecy, United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988); see United States v. Twersky, No. S2 92 Cr. 1082, 1994 U.S. Dist. LEXIS 8744, at *14-16 (S.D.N.Y. June 29, 1994) (granting in camera review of Grand Jury minutes and reserving decision on motion to dismiss Indictment). A defendant must state a particularized need for these transcripts "in order to present a vigorous defense" which outweighs the principle of Grand Jury secrecy, Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959). There are occasions "when the trial judge may in the exercise of his discretion order the minutes of a grand jury witness produced for use on his cross-examination at trial. Certainly 'disclosure is wholly proper where the ends of justice require it,'" Pittsburgh Plate Glass, supra, 360 U.S. at 400 (quoting United States v. Socony-Vacuum Oil Co., 310 U.S.

150, 234 (1940)). The burden is upon the defendant to show a particularized need exists that outweighs the policy of Grand Jury secrecy, id. Particularized need includes impeachment of witness at trial, refresh recollection, and testing witness credibility, United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958). "A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct," Torres, supra, 901 F.2d at 233, and (even if disclosed) "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants," Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); Torres, supra, 901 F.2d at 233.

As was held in the Pittsburgh Plate Glass case, supra, 360 U.S. at 400, defendants have not made a showing of particularized need, but cf. Dennis v. United States, 384 U.S. 855, 872-73 (1966) (Court found that defense did not fail to make out a particularized need, listing the circumstances of particularized need). Merely stating the desire to make a vigorous defense in general or the lack of particularization in the Indictment does not show a particular need for a given portion of the Grand Jury testimony (such as specifying which witness's testimony is necessary for that vigorous defense) or show whether that Grand Jury testimony is needed for impeachment, refreshing recollection or testing credibility.

The motion on this ground is **denied**.

X.      Disclosure of Informants

Defendants next seek the pre-trial disclosure of the identity of any informants in this case (Docket No. 35, Lopez Atty. Affirm. ¶¶ 64-66; Docket No. 47, Kohler Atty. Aff. ¶¶ 20-40). The Government objects to identifying its informants at this time, concluding that defendants have

not made the requisite showing that the informant's testimony is material to the defense presented (Docket No. 54, Gov't Response at 5-6).

The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial, United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). Defendants have not established that the pre-trial disclosure of the identities of any informants is essential to their respective defenses. This request is **denied**.

XI.     Identification Procedures

Flanders wants to know whether he was identified in a lineup, show up or photo spread or similar identification process and to produce the photographs used or resulting from that process (Docket No. 53, Flanders Motion at unnumbered page 4). The Government has not responded to this motion. Given that the Government is responding to other unaddressed aspects of these motions and it unknown whether the Government responded to this as a discovery request, the Government **is ordered to respond to this motion or state the identification method used against Flanders**.

XII.    Disclosure of Sentencing Information

Flanders seeks disclosure of evidence the Government intends to use in recommending a sentence (id. at unnumbered pages 9-10). Government also did not respond to this motion. As with the identification procedures, the Government is **ordered to respond to this motion**. Both

responses are due, as with responding to other defendants' outstanding requests, **thirty (30) days from entry of this Order**.

## CONCLUSION

For the reasons stated above, the so much of omnibus discovery motions filed by the remaining defendants in this action (Docket Nos. 53, 47, 35, 33) are **granted in part, denied in part** as outlined above.

The Government is to respond to the remaining motions by defendant Kohler on suppression of evidence (Docket No. 47) and Flanders (Docket No. 53) on specified discovery motions stated above within **thirty (30) days** of entry of this Order.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 2, 2011