```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

                      v.

RALPH AQUINO,
MARK FLANDERS,
BRUCE KOHLER, et al.,

                      Defendants.

**Hon. Hugh B. Scott**

10CR112A

**Order**

Before the Court is what remains of two defendants' omnibus motions. As previously noted (Docket No. 84, Order of Nov. 2, 2011, at 3, 12-13), the Government had not responded to certain portions of the motions of defendants Mark Flanders (Docket No. 53) and Bruce Kohler (Docket No. 47). This Court gave the Government thirty days from entry of its November 2, 2011, Order (or by December 2, 2011) to respond to these motions. Much of the other relief sought by these defendants which the Government initially responded to was considered in that Order (Docket No. 84); familiarity with the facts and prior proceedings stated in that Order is presumed.

**BACKGROUND**

Initially before this Court were the remaining[1] defendants' omnibus discovery motions (Docket Nos. 53 (Flanders), 47 (Kohler), 35 (Lopez), 33 (Morgan)). Kohler (Docket No. 47, Kohler Atty. Aff. ¶¶ 101-02) and Lopez (Docket No. 35, Lopez Atty. Affirm. ¶ 67) also moved to join in co-defendants' motions. Defendants are charged in a single count Indictment with conspiracy to distribute marijuana, cocaine, and MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846.

**DISCUSSION**

I.  Flanders' Motions

   A.  Identification Method

In response to Flanders' motion seeking to know whether he was identified in a lineup, show up or photo spread or similar identification process and to produce the photographs used or resulting from that process (Docket No. 53, Flanders Motion at unnumbered page 4; cf. Docket No. 84, Order at 12), the Government states that no identification procedure was used to identify him (Docket No. 88, Gov't Response to Flanders at 3). Thus, this motion is **deemed moot**.

   B.  Sentencing Information

Next, Flanders sought disclosure of evidence the Government intends to use in recommending a sentence (Docket No. 53, Flanders Motion at unnumbered pages 9-10; cf.

---

[1]Some defendants, including those who filed discovery omnibus motions, Docket Nos. 46 (Aquino), 49 (Frigioni), 51 (Ralabate), or joined in motions filed by co-defendants, Docket No. 50 (Frigioni), have entered guilty pleas, see Docket Nos. 55 (Aquino plea agreement), 77 (Aquino judgment of conviction), 58 (Frigioni plea agreement), 79 (Frigioni judgment of conviction), 66 (Ralabate plea agreement). Ralabate is scheduled to be sentenced on December 8, 2011, Docket No. 70.

Docket No. 84, Order at 12-13). Specifically, Flanders sought whatever facts and circumstances known to the Government "or reasonably discoverable" that relate to sentencing issues, including facts and circumstances of the offense and offender characteristics in order to have defendant make an informed plea determination (id. at unnumbered page 9, citing U.S.S.G. § 6B1.2, comment). The Government now argues that it is not obligated to turn over such information (Docket No. 88, Gov't Response to Flanders at 9-10). The Government refers defendant to the Sentencing Guidelines, the Indictment, and defendant's criminal history to determine the sentencing range he faces (id.).

Although the United States Sentencing Commission recommends that prosecutors disclose, prior to entry of a guilty plea, to defendant "the facts and circumstances of the offense and offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines," the Commission then concluded that "this recommendation, however, shall not be construed to confer upon the defendant any right not otherwise recognized in law," U.S.S.G. § 6B1.2, comment. Flanders does not argue any basis in law to compel the Government to produce more than what has been provided for Sentencing Guidelines information. Therefore, Flanders' motion to compel this sentencing information is **denied**.

II.     Kohler's Motions to Suppress

Kohler moves to suppress statements of post-arrest non-testifying co-conspirator or co-defendants who may implicate him, pursuant to Bruton v. United States, 391 U.S. 123 (1968) (Docket No. 47, Kohler Atty. Aff. ¶ 8). The Government now responds that it does not intend to offer any evidence in violation of Bruton, either by calling co-defendants or co-conspirators to

3

testify or redacting statements of non-testifying persons (Docket No. 89, Gov't Response to Kohler, at 2). This response **is sufficient**.

Kohler next moves to suppress evidence from electronic surveillance and moves to exclude statements of non-testifying co-conspirators (Docket No. 47, Kohler Atty. Aff. ¶¶ 95-100). Specifically, Kohler allegedly participated in telephone conversations intercepted by Government agents. He moves to controvert the interception Orders and to suppress the intercepted communications pursuant to 18 U.S.C. § 2518(10)(a) (id. ¶ 95). Since defense counsel did not have the interception applications and Orders and all the documentation necessary to controvert the Orders, Kohler sought production of these items (id. ¶¶ 96, 97). Kohler denied consenting to having his telephone calls intercepted (id. ¶ 98) and casts doubt upon the sufficient probable cause to intercept them (see id. ¶ 99).

The Government argues that voluntary discovery has been furnished to Kohler (Docket No. 89, Gov't Response to Kohler at 1) and believes that it complied with defense requests for wiretap applications, Orders, ten-day reports, and the like and has no objection to defendant amending his motion to suppress the wire intercept evidence (id. at 15-16). Kohler has not replied that the Government's production is insufficient. On the discovery portion underlying Kohler's motion to suppress, the Government's response is **deemed sufficient** and Kohler shall have time to amend his motion (if necessary); thus, Kohler has until **January 27, 2012**, to supplement or amend his motion to suppress the wire intercept evidence.

**CONCLUSION**

For the reasons stated above, defendant Flanders' motion to disclose identification method (Docket No. 53, Flanders Motion at unnumbered page 4) is **deemed moot**. Flanders' motion to disclose sentencing information (id. at unnumbered pages 9-10) is **denied**.

On the discovery portions of defendant Kohler's motion to suppress evidence from electronic surveillance (Docket No. 47, Kohler Atty. Aff. ¶¶ 95-100, 8-11) the Government's production to date is **deemed sufficient**. Kohler is given leave to amend or supplement his motion to suppress wire intercept evidence, Kohler has until **January 27, 2012**, to do so.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
December 23, 2011